Fithian, J.
(concurring). I am unable to discover any evidence in this ease tending to charge the defendants with any negligence causing or 'contributing to the injury for xvhich the action is ’ brought. The injury was caused from negligent and defective construction of an elevator or hoisting apparatus in defendants’ building. _ The proof, upon plaintiff’s own shoxving, is conclusive that this elevator or hoisting apparatus was not constructed, operated, or in any manner used or controlled by the defendants. The defendants, as is conceded, were engaged in the business of manufacturing sewing-machines in this factory in question, and *549 for that purpose, or some other purpose, had and used in their building a steam-engine for steam “ power.” Desiring to have some necessary work done in their building, defendants employed the witness Tucker, a “ mason and builder ” (fol. 25), to do this work under his own directions, and by men employed by him; and it became necessary that material for this work should be elevated to the upper part of the building. Tucker purposed to construct an elevator for that purpose, and defendants’ officers gave him permission to use steam-power from the defendants’ engine for hoisting, and any suitable materials of defendants which he could find about the building, for the construction of such elevator. Availing himself of this permission, Tuclcer did construct the elevator in question, cut holes in the floor through which it was to work, attached it to defendants’ engine so as to get “ power,” and managed and operated it entirely under his own supervision and that of his employes. True, he consulted with-Van Dyke, defendants’ superintendent of alterations, and got some suggestions from him as to how the elevator should be made. But that does not make it defendants’ job. There was no evidence to show that constructing an elevator was any part of the “ alterations” which Van Dyke was employed to superin tend. The proof is the reverse. Upon these facts I know of no principle of law upon which the defendants can be held responsible for any injury caused by negligence in the construction or operation of that elevator while thus in the management of a third person. The facts do not bring the case within the authority of the case of Cook v. President of the New York Dry-dock Company (1 Hilton, 436), or the other authorities cited by appellant’s counsel. The judgment should be affirmed,'with costs.